IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EDY ESTRADA, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FOUR SEASONS DEVELOPMENT CO., INC., and JULIAN KUBECZKA,**<br><br>**Defendants.** | **CIVIL ACTION NO. 4:15-cv-2864**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**
**COLLECTIVE ACTION**

The Fair Labor Standards Act ("FLSA") is designated to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206(a) and 207(a).

## I.  SUMMARY

1. Four Seasons Development Co., Inc. and Julian Kubeczka. (hereinafter jointly referred to as "Defendants") required and/or permitted Edy Estrada (hereinafter referred to as "Plaintiff") to work in excess of forty (40) hours per week without compensating him for such hours at the overtime rate required under the FLSA.

2. Plaintiff was formerly employed as a manual laborer at Defendants' construction business located at 5825 Sam Houston Parkway, Houston, Texas 77041.  Plaintiff regularly worked over forty hours during a workweek for Defendants, but was not compensated

whatsoever for overtime worked at the federally mandated premium rate. Furthermore, Defendants did not pay Plaintiff the federally mandated minimum wage rate for regular hours worked.

3. Consequently, Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all overtime work at the FLSA mandated overtime wage rate and for regular hours worked at the federal minimum wage. *See* 29 U.S.C. §§ 206-207.

4. Defendants' other manual laborers were subject to the same FLSA violations. Plaintiff hereby files this action to recover minimum wage and overtime compensation owed to him individually, and on behalf of all other similarly situated employees (hereinafter "Class Members").

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Edy Estrada is an individual residing in Harris County, Texas. Plaintiff's written consent form to join this action is attached as "Exhibit A" to Plaintiff's Original Complaint.

8. The Class Members are Defendants' current and former manual laborers employed at their Houston, Texas location any time starting three years before this Complaint was filed up to the present.

9. Defendant Four Seasons Development Co., Inc. is a domestic corporation doing business in Texas for profit. Defendant can be served with process by and through its registered agent as follows: Julian Kubeczka, 5825 Sam Houston Parkway, Houston, Texas 77041.

10. Defendant Julian Kubeczka is an individual residing in Texas and can be served at: 15914 Capri, Houston, Texas 77040.

## IV.   FLSA COVERAGE

11. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that she/he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendants failed to pay her/him overtime/minimum wage; and (4) that she/he is owed the amount claimed by a just and reasonable inference.

## EMPLOYMENT RELATIONSHIP

12. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. Specifically, Defendants employed Plaintiff and Class Members as manual laborers to work at its Houston, Texas location. Defendants treated Plaintiff and Class Members as their W-2 employees for tax purposes.

14. Defendant Julian Kubeczka is the owner and President of Four Seasons Development Co., Inc.

15. Defendant Julian Kubeczka controlled the nature, pay structure, and employment relationship of the Plaintiff.

16. Further, Defendant Julian Kubeczka had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the

authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of the business. In particular, he was responsible for determining whether the business complied with the FLSA.

17. As such, pursuant to 29 U.S.C. § 203(d), Defendant Julian Kubeczka acted directly or indirectly in the interest of Plaintiff's employment as his employer, which makes him individually liable under the FLSA.

## ENGAGED IN COMMERCE

18. At all material times, Defendants have been an enterprise in commerce within the meaning of the FLSA. 29 U.S.C. § 203(r).

19. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (*citing Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no *de minimis* rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5thCir. 1979)).

20. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5thCir. 1992) (*"Either* individual *or* enterprise coverage is enough

to invoke FLSA protection.").

21. Both individual and enterprise coverage are applicable in this case.

22. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

23. Plaintiff is a manual laborer who uses tools, products, and equipment that traveled in interstate commerce.

24. Further, at all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce and Defendants meet the statutory gross business volume. 29 U.S.C. § 203(s)(1).

25. Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard. 29 U.S.C. § 203(s)(1).

26. At all material times, Plaintiff and other employees hired by Defendants were engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

27. The Plaintiff is a nonexempt employee under the FLSA. Indeed, Defendants have classified him and its other manual laborers as such. As an hourly paid/day rate employee, there is no applicable exemption, and as a result Defendants must comply with the FLSA's minimum wage and overtime requirement.

## **WILLFULNESS**

28. Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

29. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;

   b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e. The hours worked each workday and total hours worked each workweek;

   f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

   g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i. The dates, amounts, and nature of the items which make up the total additions and deductions;

   j. The total wages paid each pay period; and

   k. The date of payment and the pay period covered by payment.

29 C.F.R. Sections 516.2, 516.5.

30. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff. Because Defendants' records are inaccurate and/or inadequate,

Plaintiff can meet his burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

31. Defendants' method of paying Plaintiff was in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

32. Such willful conduct is demonstrated by the fact that Defendants did not keep an accurate record of actual hours worked by Plaintiff and Class Members. Further, Defendants chose to not pay Plaintiffs and Class Members their actual hours worked even though they had actual and/or constructive knowledge that manual laborers were performing work as instructed and/or permitted by Defendants and its managers. This affirmatively shows bad faith on the part of the Defendant.

## V. FACTS

33. Defendants are in the construction business.

34. Defendants employ manual laborers to perform miscellaneous tasks associated with construction projects.

35. Plaintiff is a formerly employed manual laborer of Defendants.

36. Plaintiff was employed by Defendant from approximately 1991 through August 2014. On average, Plaintiff works sixty (60) to seventy (70) hours each week.

37. Manual laborers, like Plaintiff, are paid by the hour and/or a day rate.

38. Defendants had actual and constructive knowledge of Plaintiff's work being performed, including overtime as they were onsite to oversee their construction projects. In

addition, Defendants required Plaintiff to work long hours to meet construction deadlines set by its customers.

39. Plaintiff was an hourly paid manual laborer. Plaintiff was also paid a day rate on certain occasions. As such, no FLSA exemption applies to him.

40. Defendants did not pay Plaintiff any additional compensation for overtime worked. Consequently, Defendant is in violation of the FLSA by failing to pay Plaintiff for all overtime hours worked at the federally mandated premium rate.

41. Defendants also failed to pay Plaintiff at the federal minimum wage for regular hours worked.

42. As described above, Defendants knew or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out their illegal patterns and practices. Defendants' actions are not based on a good faith and reasonable belief that their conduct complies with the FLSA.

## VI.    COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff worked alongside other manual laborers at Defendants' Houston, Texas location and they discussed the FLSA pay violations the subject of this lawsuit. As such, Plaintiff has actual knowledge that Class Members have also been denied minimum wage and overtime pay and would therefore like to join this collective action.

44. Other employees similarly situated to Plaintiff work or have worked for Defendants' business during the last three years, but were not paid minimum wage or overtime.

45. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

46. Like Plaintiff, Class Members were also paid hourly and/or a day rate.

47. The Class Members perform or have performed the same or similar work as the Plaintiff.

48. Class Members regularly work or have worked in excess of forty hours during a workweek.

49. Class Members are not exempt from receiving overtime under the FLSA.

50. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage and overtime.

51. Defendants' failure to pay minimum wage and overtime compensation as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

52. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

53. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

54. All Class Members, irrespective of their particular job requirements, are entitled to minimum wage and overtime compensation.

55. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all

Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

56. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are Defendants' current and former manual laborers employed at their Houston, Texas location at any time starting three years before this Complaint was filed up to the present.**

## VII.   CAUSES OF ACTION

### COUNT ONE-OVERTIME VIOLATION

### Fair Labor Standards Act, 29 U.S.C. § 207

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. Defendant's practice of failing to pay Plaintiff the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

59. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

### COUNT TWO – MINIMUM WAGE VIOLATION

### Fair Labor Standards Act, 29 U.S.C. § 206

60. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

61. Defendants' practice of failing to pay Plaintiffs for all hours worked at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

62. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## VIII. DAMAGES SOUGHT

63. Plaintiff and Class Members are entitled to recover their unpaid minimum wage and overtime compensation.

64. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

65. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

66. Plaintiff and Class Members hereby demand a trial by jury.

## X. PRAYER

67. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

   e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Todd Slobin*
TODD SLOBIN
Texas Bar No. 24002953
Federal Id No. 22701
tslobin@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
Federal Id No. 1001658
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF
& CLASS MEMBERS